**Joseph S. AMUNDSEN, Petitioner**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 13–1252.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 13, 2014.

Joseph S. Amundsen, Easton, PA, pro se.

Michael Andrew Conley, Lisa Kinney Helvin, Randall Wayne Quinn, Jacob H. Stillman, U.S. Securities and Exchange Commission, Washington, DC, for Respondent.

BEFORE: BROWN, MILLETT, and PILLARD, Circuit Judges.

**JUDGMENT**

PER CURIAM.

This petition for review of an order of the Securities and Exchange Commission

was considered on the briefs and appendices filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner seeks review of an SEC order sustaining the results of a Financial Industry Regulatory Authority ("FINRA") disciplinary action taken against him due to his failure to disclose, as required by FINRA rules, the final judgment of permanent injunction entered in *SEC v. Joseph S. Amundsen,* No. 3:83–cv–00711, 1983 WL 855940 (N.D.Cal. Feb. 15, 1983), and the resulting 1986 revocation of his California license to practice certified public accounting. Petitioner raises a variety of arguments challenging and seeking relief from the 1983 injunction, but petitioner may not collaterally attack that injunction in this proceeding, *cf. Blinder, Robinson, & Co. v. SEC,* 837 F.2d 1099, 1108 (D.C.Cir.1988) (holding that "an attack on the validity of [an underlying] proceeding" that could have been raised in the convicting jurisdiction "is doomed to fail"), and petitioner has failed to demonstrate how his arguments in this regard excuse his failure to disclose the injunction on the relevant FINRA forms. Petitioner also raises a "statute of limitations" argument, apparently contending he was not obligated to disclose the injunction and license revocation because they were more than ten years old, but petitioner failed to raise this argument before the Commission and has not provided a reasonable ground for his failure to do so. *See* 15 U.S.C. § 78y(c)(1). Even if this court could consider this argument, it is without merit because the FINRA rule on which petitioner relies does not govern petitioner's disclosure obligations. *See* FINRA Rule 8312 (describing the information FINRA shall release through Broker-Check). Petitioner's remaining arguments fail to identify any legal or factual basis for granting the petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.